UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MICHAEL SCOTT STORY | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-184 |
| | ) | |
| GREENE COUNTY DET. CTR., RYAN WARD, and TOM GULLY | ) | |

**MEMORANDUM and ORDER**

*Pro se* prisoner Michael Scott Story brings this civil rights action under 42 U.S.C. § 1983, alleging that he was subjected to excessive force at the Greene County Detention Center. Plaintiff has also submitted an application to proceed *in forma pauperis*, which reflects that he has a zero (0) balance in his inmate trust account. Nevertheless, it remains that, as a prisoner, he is responsible for paying the filing fee, 28 U.S.C. § 1915(b)(1), and he therefore is **ASSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of plaintiff's inmate trust account at the institution where he resides shall submit to the Clerk of Court twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee

of $350.00 has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). Payments should be sent to the Clerk, United States District Court; 220 West Depot Street, Suite 200; Greeneville, Tennessee 37743.

The Clerk is **DIRECTED** to send a copy of this order to the custodian of plaintiff's inmate trust account at the facility wherein he is housed to ensure compliance with above fee-collection procedures.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2. If so, this suit must be dismissed. In conducting its review, the Court will generously construe this *pro se* plaintiff's complaint and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff contends that, even though he was complying with defendant correctional officer Ryan Ward's directive "to go into the vestibule," defendant officer Tom Gully put handcuffs on plaintiff, pulling them as tight as they could possibly go, and that defendant Ward sprayed him in his left eye, nostril and mouth with chemical spray. Plaintiff has stated arguable claims of excessive force against defendants Ward and Gully. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (excessive physical force); *Martin v. Heideman*, 106 F.3d 1308, 1312-13 (6th

Cir. 1997) (claim of excessively forceful handcuffing); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001) (failure to prevent harm to prisoner).

The same is not true of the claims against the Greene County Detention Center. Unfortunately for plaintiff, this defendant is a building and not "an entity subject to suit under § 1983." *See Marbry v. Correctional Medical Services,* 2000 WL 1720959, *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991))*; see also Monell v. Department of Soc. Servs*., 436 U.S. 658, 688 (1978) (for § 1983 purposes, the term "person"applies "to bodies politic and corporate").

Because plaintiff has stated colorable claims against the two remaining defendants, the Clerk is **DIRECTED** to send him two service packets. (Each packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packets and to return them to the Clerk's office within twenty (20) days of the date on this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packets are received by the Clerk, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendants. Defendants are **ORDERED** to respond to the complaint in the

manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**SO ORDERED.**

**ENTER**:

LEON JORDAN
UNITED STATES DISTRICT JUDGE